**Gertrude A. WITZKOSKE, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 87–2798.

United States Court of Appeals, Fifth Circuit.

June 27, 1988.

Holtz & Wright, James W. Holtz, Kathryn P. Fagan, Houston, Tex., for plaintiff-appellant.

Miguel Martinez, Frank A. Conforti, Asst. U.S. Attys., Houston, Tex., Alice L. Covington, Atty., U.S. Postal Service, Washington, D.C., for defendant-appellee.

Before RUBIN and POLITZ, Circuit Judges, and LEE,* District Judge.

TOM S. LEE, District Judge:

Appellant Gertrude A. Witzkoske appeals from adverse summary judgment on her claim against the United States Postal Service challenging her discharge from employment.  The court concludes that the district court lacked jurisdiction to review the Postal Service's decision to discharge

---

* District Judge of the Southern District of Mississippi, sitting by designation.

appellant and accordingly vacates the judgment.

## FACTS

Appellant was postmaster of the post office in Porter, Texas. On November 5, 1984, she submitted a Form CA–1, Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation, on which she stated that bundles of boxholders fell off a table striking her left foot and ankle. The form included a "statement of witness" completed by a postal employee, Jan Walter, which corroborated appellant's version of the accident.

The Postal Inspection Service investigated appellant's claim of on-the-job injury and concluded that it was spurious. This conclusion was based in part on the assertion of the purported witness, Jan Walter, that her statement on the Form CA–1 was false and that appellant had told her what to write on the form. The Postal Service charged appellant with filing a false Form CA–1 and causing Walter to falsify her statement as a witness, and notified appellant that the Service proposed to remove her from her job. Appellant orally responded to the charges, following which the Service dismissed her, effective May 3, 1985.

Witzkoske appealed this decision and a hearing in connection with her appeal was held on August 15–16, 1985. The hearing officer made written findings of fact for consideration by the Postal Service official charged with making the initial decision on the appeal. This "Step I" official upheld appellant's discharge. Witzkoske unsuccessfully appealed the Step I official's decision and had no further right of administrative appeal.

Appellant brought this action in the United States District Court for the Southern District of Texas, seeking judicial review of the final decision upholding her discharge.

The Postal Service moved to dismiss or, alternatively, for summary judgment. The district court granted the motion for summary judgment, holding that the Service's decision was not arbitrary or capricious and was based upon substantial evidence, whereupon Witzkoske brought this appeal. Subsequent to the decision of the district court and the filing of this appeal, the United States Supreme Court, in *United States v. Fausto,* —— U.S. ——, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), held that the Civil Service Reform Act of 1978 (CSRA) sets forth the exclusive scheme for judicial review of agency adverse personnel actions and that a federal employee in the excepted service, excluded from the provisions of Chapter 75 of the CSRA, 5 U.S.C. §§ 7501–7543, may not obtain judicial review of an adverse personnel decision based upon misconduct. The Court's decision in *Fausto* placed in question appellant's right to judicial review of the Service's decision to terminate her employment. Subsequent to the oral argument before this court, the parties submitted briefs on this jurisdictional issue.

## DISCUSSION

The jurisdictional issue involves two questions: whether appellant is entitled to the administrative and judicial appeal rights set forth in the CSRA and, if not, whether, in light of *Fausto,* appellant has some other right of appeal which includes judicial review.

Chapters 75 and 77 of the CSRA set forth certain procedural rights in connection with adverse personnel actions against civil service "employees" based on misconduct.[1] For purposes of Subchapter II of Chapter 75, which governs major adverse actions, including discharge, "employee" means

(A) an individual in the competitive service ...; and

---

1. Chapter 75 provides, *inter alia,* rights to notice and opportunity to respond in connection with adverse personnel actions, and grants the right to appeal adverse decisions to the Merit System Protection Board. 5 U.S.C.A. § 7513 (West 1980). Chapter 77 sets forth the procedures for appeal to the Merit System Protection Board and provides for judicial review of decisions of the Board by the United States Court of Appeals for the Federal Circuit. 5 U.S.C.A. §§ 7701–7703 (West 1980 & Supp.1988).

(B) a preference eligible in an Executive agency in the excepted service, and a preference eligible in the United States Postal Service....

5 U.S.C.A. § 7511(a)(1) (West 1980). Appellant concedes that she is neither in the competitive service nor preference eligible. Consequently, at the time of her discharge she was not an "employee" for purposes of Chapter 75 and is not entitled to the procedural rights set forth in Chapters 75 and 77, including judicial review.[2] *See Collaso v. Merit System Protection Board*, 775 F.2d 296, 297 (Fed.Cir.1985) ("excepted service" includes postal agencies); *Brown v. United States Postal Service*, 15 M.S.P.R. 748 (1983) (Postal Service employee must be preference eligible to be entitled to appeal rights under Chapter 75); *Gardner v. United States Postal Service*, 2 MSPB 440, 2 M.S.P.R. 276, 277 (1980) (postal employees not in competitive service; coverage of Chapter 75 extends only to preference eligible Postal Service employees).

Section 1005(a)(1), Title 39, United States Code, applies the provisions of Chapter 75 to employees of the Postal Service. This does not mean, however, that all Postal Service employees have the right to administrative and judicial review as provided by the CSRA without reference to whether they are preference eligible. Rather, the application of Chapter 75 to Postal Service employees simply means that postal workers who are "employees" as defined in section 7511 have the hearing and appeal rights set forth in Chapters 75 and 77; those who are not "employees" for purposes of Chapter 75 are limited to procedures established by the Postal Service.[3]

This leaves the question of whether appellant may obtain review of the Service's decision by some alternative means. In *Fausto*, the Supreme Court noted that the CSRA was enacted for the purpose of replacing the "haphazard arrangements for administrative and judicial review of personnel action" then in existence through various statutes, rules and "nonstatutory review" procedures with "an integrated scheme of administrative and judicial review." *Fausto*, 108 S.Ct. at 671–672. The Court further noted that the definition of "employee" in Subchapter II specifically includes preference eligibles in the excepted service but does not include other members of the excepted service. The Court concluded that the comprehensive nature of the CSRA, combined with the exclusion of nonpreference excepted service employees from the provisions for administrative and judicial review contained in Chapters 75 and 77, demonstrated a Congressional intent that nonpreference employees in the excepted service should not be entitled to judicial review of adverse personnel actions based on misconduct. *Id.* at 673. Nonpreference postal employees are excluded from the provisions of Chapter 75 and, accordingly, have no right to judicial review of adverse actions based on misconduct.

Contrary to appellant's contention, the fact that postal employees such as appellant are in the "postal career service," which is a part of the civil service,[4] does not make *Fausto* inapplicable. The clear holding of *Fausto* is that employees excluded from the coverage of Chapter 75 are not entitled to judicial review of adverse personnel decisions. Furthermore, appellant's

---

**2.** In 1987, Congress amended 39 U.S.C. § 1005(a) to make the provisions of Title 5, Chapter 75, Subchapter II applicable to any person "in the position of a supervisor or a management employee in the Postal Service, or ... an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity." 39 U.S.C.A. § 1005(a)(4)(A)(ii) (West Supp.1988). Ms. Witzkoske cannot take advantage of this amendment because Congress specifically limited its effect to administrative proceedings commenced after September 16, 1987. *Id.* (see notes on effective date of the amendment and its "savings provision"). In any event, postal employees who fit

the expanded definition in the amendment will have the right to appeal severe adverse personnel actions to the Merit Systems Protection Board and then to the Court of Appeals for the Federal Circuit, not to the district court as Ms. Witzkoske attempted to do. *See* 5 U.S.C.A. §§ 7513(d), 7701, 7703 (West 1980 and Supp. 1988).

**3.** Congress mandated that the Service establish procedures for fair hearings on adverse personnel actions. 39 U.S.C.A. § 1001(b) (West 1980).

**4.** *See* 39 U.S.C.A. § 1001(b) (West 1980).

contention that the holding in *Fausto* does not reach employees of the Postal Service because Congress intended for postal employees to retain judicial review rights apart from the CSRA is without merit. The CSRA clearly addressed the administrative and judicial review rights of Postal Service employees when in section 7511 it included within the protections of Chapter 75 preference eligible employees of the Postal Service and thus excluded nonpreference employees. *See Fausto*, 108 S.Ct. at 673 (inclusion of preference eligible excepted service employees negates contention that Congress did not consider nonpreference employees and thus had no intent to abolish their preexisting appeal rights). Therefore, any statutory or nonstatutory right to judicial review of adverse personnel actions which postal employees previously may have enjoyed[5] was abrogated by the CSRA.

Appellant argues that the denial of access to judicial review would violate her constitutional right to due process. However, as *Fausto* implicitly recognizes, procedural due process does not include the right to judicial review.

Under *Fausto*, any employee, including one in the Postal Service, who is not included in the provisions of Chapter 75 was intended by Congress not to have the right to judicial review of his dismissal. Consequently, appellant is limited to the appeals procedure established by the Postal Service, and the district court lacked jurisdiction to review the Service's decision. Because the district court lacked jurisdiction, a judgment on the merits was improper. Accordingly, the judgment of the district court is vacated and the cause remanded with directions to dismiss for lack of subject matter jurisdiction.

VACATED AND REMANDED.

---

5. *See Jordan v. Bolger*, 522 F.Supp. 1197, 1201–02 (N.D.Miss.1981), *aff'd*, 685 F.2d 1384 (5th Cir.1982); *Coffman v. Bolger*, 590 F.2d 1366 (5th Cir.1979); *Adkins v. Hampton*, 586 F.2d 1070, 1072 (5th Cir.1978); *Harvey v. Nunlist*, 499 F.2d 335 (5th Cir.1974).