Edna S. Robbin ROYALS,
Plaintiff–Appellant,

v.

Preston R. TISCH, Postmaster General,
and the United States Postal Service,
Defendants–Appellees.

No. 88–8293.

United States Court of Appeals,
Eleventh Circuit.

Feb. 6, 1989.

Clyde W. Royals, Willacoochee, Ga., for plaintiff-appellant.

Kenneth C. Etheridge, Asst. U.S. Atty., Savannah, Ga., James A. Friedman, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendants-appellees.

Before FAY and ANDERSON,
Circuit Judges, and ESCHBACH *,
Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge:

This is an appeal from the district court's order which granted the appellees' motion for summary judgment and denied the appellant's motion for summary judgment. The appellant raises three primary issues on appeal. First, the appellant argues that she was denied her constitutional due process rights during the Postal Service's disciplinary proceedings. Second, she contends that the evidence does not support the Postal Service's decision to demote her from a postmaster to a part-time flexible clerk. Finally, she argues that the district court abused its discretion in granting the appellees' motion for summary judgment and in denying her motion for summary judgment. We do not reach any of these issues on appeal because we hold that the district court lacked jurisdiction to review the merits of the Postal Service's disciplinary proceedings. Therefore, we reverse and vacate the district court's order and

---

* The Honorable Jesse E. Eschbach, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, is sitting by designation.

remand this cause with instructions to dismiss the action for lack of subject matter jurisdiction.

## I

The appellant, Edna S. Robbin Royals ("Royals"), is an employee of one of the appellees, the United States Postal Service ("Postal Service"). Between 1981 and 1984, she served as postmaster in Willacoochee, Georgia. Under the Civil Service Reform Act of 1978 ("CSRA"), Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), Royals would be classified as a nonpreference eligible[1] employee in the excepted service.[2]

On both March 5, and April 26, 1984, Royals had received a Letter of Warning from the Postal Service for failure to follow instructions. Although she was informed of her right to appeal these letters of warning and of the possibility of future disciplinary action, Royals did not respond to either letter. Subsequently, on September 14, 1984, the Postal Service issued Royals a notice proposing her removal from the Postal Service based on her failure to follow instructions and her failure to report to work on time. The notice informed Royals of her right to respond to the allegations. Royals met personally with the district manager of the Postal Service in Atlanta, and her representative filed a written response to the charges. By a letter, dated October 15, 1984, the district manager informed her that because the charges were supported by the evidence, they warranted her removal from the Postal Service. This letter also informed Royals of her right to appeal her removal.[3]

Pursuant to the Postal Service's procedures, Royals appealed her removal and requested a hearing. At the two-day hearing, Royals exercised her right to be represented, to present evidence and witnesses, and to cross-examine the Postal Service's witnesses. The hearing officer prepared findings of fact for consideration by the Step I official. On October 23, 1985, the Step I official issued his decision upholding her removal from the Postal Service. Royals then appealed the Step I decision to a Step II official. The Step II official found the charges against her supported by the evidence; however, because of Royal's length of employment with the Postal Service, the Step II official decided to change her removal from the Postal Service to a demotion from postmaster to part-time flexible clerk. Royals then tried to appeal to the Merit Systems Protection Board ("MSPB"). On July 8, 1986, the MSPB dismissed her appeal for lack of jurisdiction. 31 M.S.P.R. 184.

Finally, On November 21, 1986, Royals filed suit in the district court. The district court, after finding that it had jurisdiction to review the matter, found that substantial evidence supported the Postal Service's action and that Royals was not denied her due process rights. Therefore, the district court granted the appellees' motion for summary judgment.

---

1. The CSRA gives preferential treatment to preference eligibles—veterans and certain relatives of veterans as defined in the statute. *See* 5 U.S.C. § 2108(3).

2. The CSRA divides civil service employees into three categories: (1) Senior Executive Service employees, 5 U.S.C. § 3132(a)(2); (2) competitive service employees, *id.* § 2102; and (3) excepted service employees, *id.* § 2103. The excepted service "consists of those service positions which are not in the competitive service or the Senior Executive Service." *Id.* § 2103. Because all Postal Service positions are in the postal career service, *see* 39 U.S.C. § 1001(b), Postal Service employees are part of the excepted service for purposes of the CSRA.

3. Part 650 of the *Postal Service Employee Labor Relation Manual*, which applies to nonprobationary employees who are not subject to a collective bargaining procedure, provides for a two step appeal. In Step I, if the employee requests a hearing or the Step I official deems it necessary, a hearing is held in which the Postal Service and the employee have the right to be represented, to present evidence and witnesses, and to cross-examine the other party's witnesses. A hearing officer then makes findings of fact for consideration by the Step I official, a lower level Postal Service administrator, who then evaluates the appeal. The employee can then appeal from Step I to Step II, in which a higher level administrator evaluates the appeal. An appeal to a Step II official is the final appeal an employee of the Postal Service can make.

## II

■ Before we can entertain any of the appellant's contentions, we must first deal with an issue concerning the district court's jurisdiction. The appellees argue that under the CSRA the district court did not have jurisdiction to review the merits of the Postal Service's disciplinary proceedings. We agree.

Chapter 75 of the CSRA, 5 U.S.C. §§ 7501–7543, provides procedural safeguards for "employees" who have had adverse disciplinary action taken against them.[4] It is divided into two subchapters. Subchapter I governs suspensions of fourteen days or less. *Id.* § 7502. Subchapter II governs more serious disciplinary measures, such as the demotion of the appellant. *See id.* § 7512. The procedural safeguards of subchapter II include the right to appeal the adverse disciplinary action to the MSPB. *Id.* § 7513(d). Additionally, the "employee" can appeal any decision by the MSPB to the Court of Appeals for the Federal Circuit. *Id.* § 7703(a)(1).

These procedural safeguards, including judicial review, do not apply to all employees of government agencies who have experienced serious adverse disciplinary actions. Rather, they apply only to those included within the statutory definition of "employee." For the purposes of subchapter II of Chapter 75, an employee is defined as:

(A) *an individual in the competitive service* who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less; and

(B) a preference eligible in an Executive agency in the excepted service, and a *preference eligible in the United States*

*Postal Service* or the Postal Rate Commission, who has completed 1 year of current continuous service in the same or similar positions.

*Id.* § 7511(a)(1) (emphasis added). Because the appellant is neither in the competitive service or a preference eligible in the Postal Service, *see supra* nn. 1 & 2, she is not an "employee" as that term is defined in subchapter II of Chapter 75 of the CSRA.[5] Therefore, none of the procedural safeguards of subchapter II, including judicial review, are available to her. The issue, then, becomes whether Royals has a nonstatutory right to judicial review. We conclude that she does not.

The Supreme Court recently confronted a similar issue in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 *reh'g denied,* —— U.S. ——, 108 S.Ct. 1250, 99 L.Ed.2d 448 (1988). In that case, Fausto, a nonpreference eligible employee of the Fish and Wildlife Service, an excepted service, was suspended from his job for thirty days. After the Department of the Interior upheld his suspension, Fausto filed suit in the Claims Court. Although the Claims Court dismissed his suit because the CSRA did not give him a right to judicial review, the United States Court of Appeals for the Federal Circuit reversed, holding that he could still seek judicial review. *See Fausto,* 108 S.Ct. at 670–71.

The Supreme Court reversed the Federal Circuit and held that Fausto was not entitled to judicial review of the merits of his disciplinary proceedings. After reviewing the statutory scheme of the CSRA and its legislative history, the Court noted: "The CSRA established a comprehensive system for reviewing personnel action taken against federal employees. Its deliberate exclusion of employees in [the excepted service] from the provisions establishing

---

**4.** Unless specifically provided, no federal law dealing with employees applies "to the exercise of the powers of the Postal Service." 39 U.S.C. § 410(a). One exception to this rule is that Chapter 75 of the CSRA does apply to officers and employees of the Postal Service. *Id.* § 1005(a)(1).

**5.** In 1987, Congress made the provisions of subchapter II of Chapter 75 of the CSRA applicable to supervisory and management employees of

the Postal Service and to Postal Service employees "engaged in personnel work in other than a purely nonconfidential clerical capacity." Pub. L. No. 100–90, 101 Stat. 673 (codified at 39 U.S.C. § 1005(a)(4)(A)(ii)). Because Congress made this amendment applicable only to actions begun after September 16, 1987, *see* Pub.L. No. 100–90 § 1(b)(2), the amendment is of no benefit to the appellant.

administrative and judicial review for personnel action of the sort at issue here prevents [Fausto] from seeking [judicial] review...." *Id.* at 677.

The reasoning of the Supreme Court in *Fausto* is equally applicable to this appeal. Because the appellant has no right to judicial review over the merits of the Postal Service's disciplinary proceedings under the CSRA, she was precluded from seeking judicial review in the district court. The CSRA provides an exclusive framework for judicial review of adverse disciplinary actions taken by federal agencies. Moreover, three other circuits, which have recently faced this same issue, have all relied on *Fausto* and ruled that nonpreference eligible Postal Service employees in the excepted service are not entitled to judicial review of the Postal Service's disciplinary proceedings.

In *Witzkoske v. United States Postal Service*, 848 F.2d 70 (5th Cir.1988), Witzkoske, a postmaster, was dismissed for filing a false claim of on-the-job injury. After exhausting his administrative appeals, Witzkoske sought judicial review of his dismissal. The Fifth Circuit, relying on *Fausto*, held that

> any employee, including one in the Postal Service, who is not included in the provisions of Chapter 75 [of the CSRA] was intended by Congress not to have the right to judicial review of his dismissal. Consequently, [Witzkoske] is limited to the appeals procedure established by the Postal Service, and the district court lacked jurisdiction to review the [Postal] Service's decision.

*Id.* at 73.

Additionally, in *Diaz v. United States Postal Service*, 853 F.2d 5 (1st Cir.1988), Diaz, a postmaster, was dismissed for removing mail from the mail stream, delay of mail, and engaging in conduct prejudicial to the postal system. After unsuccessfully challenging his dismissal through the Postal Service's procedures, Diaz filed suit in the district court. Relying on *Fausto*, the First Circuit held that "the CSRA precludes the district court from reviewing the merits of an adverse personnel action taken against one who is not covered by Chapter 75" of the CSRA. *Id.* at 9; *see also Parker v. United States Postal Serv.*, 859 F.2d 922 (6th Cir.1988) (unpublished opinion) (holding that the district court did not have jurisdiction to review the Postal Service's disciplinary proceedings concerning a nonpreference eligible employee in the excepted service).

■ We agree with the reasoning of these cases that a nonpreference eligible employee in the excepted service does not have a nonstatutory right to judicial review of the merits of an agency's disciplinary proceedings. Therefore, we hold that because Royals is not entitled to judicial review of her disciplinary proceedings under the provisions of Chapter 75 of the CSRA, the district court lacked jurisdiction over this action.

### III

■ Because we hold that the district court lacked jurisdiction over this action, we normally would not reach the appellant's contentions on appeal. Royals, however, makes certain constitutional claims which, without reaching the merits of these claims, require separate discussion.

Royals claims that she was not afforded due process during the Postal Service's disciplinary proceedings. Specifically, Royals claims that the hearing officer would not allow her to present evidence of a conspiracy against her. *See* District Court's Order at 12–13. The appellant contends that this exclusion of evidence by the hearing officer deprived her of her due process rights.[6]

This alleged due process claim is only an attempt by Royals to have the merits of the Postal Service's proceedings reviewed under the guise of a constitutional violation.

---

**6.** On appeal Royals makes three additional constitutional claims: (1) the hearing officer wrongfully dismissed two witnesses from the proceedings before they testified in violation of her due process rights; (2) she was removed as postmaster because she exercised her first amendment right to vote; and (3) the hearing officer violated her due process rights by wrongfully refusing to admit over 100 affidavits from members of her community asking that she not be removed as postmaster. Because the appellant did not make these arguments in the dis-

This claim goes directly to an evidentiary issue resolved by the hearing officer—whether evidence of a conspiracy should be admitted. If we reviewed this evidentiary determination made by the hearing officer, we would be reviewing the merits of the disciplinary proceedings. The appellant cannot get judicial review over the merits of the Postal Service's disciplinary proceedings by merely adding constitutional language to her allegations.

Therefore, as with all her other claims, the district court did not have jurisdiction to resolve this so-called due process claim. Of course, we express no opinion as to whether the district court would have had jurisdiction over constitutional claims that were not mere attempts to have the merits of the disciplinary proceedings reviewed.

## IV

For all the foregoing reasons, the decision of the district court is REVERSED and VACATED, and this cause is REMANDED with instructions to dismiss for lack of subject matter jurisdiction.

trict court, we will not consider them on appeal. *See Lee v. United States Postal Serv.*, 774 F.2d 1067, 1069 n. 3 (11th Cir.1985) (per curiam);

*Harris Corp. v. National Iranian Radio & Television,* 691 F.2d 1344, 1353 (11th Cir.1982).