892

Bonnie L. **BARKLEY**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE**, Defendant.

No. CIV–90–67T.

United States District Court,
W.D. New York.

Sept. 26, 1990.

---

John A. Schuppenhauer, Canandaigua, N.Y., for plaintiff.

Christopher V. Taffe, Asst. U.S. Atty., Rochester, N.Y., Andrew L. Freeman, U.S. Postal Service, Windsor, Conn., for defendant.

TELESCA, Chief Judge.

Plaintiff Bonnie Barkley commenced this action against the United Postal Service to contest its denial of her request for reinstatement. The defendant now moves pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the complaint on jurisdictional grounds. For the reasons discussed below, the defendant's motion is granted.

Plaintiff Bonnie Barkley was initially hired as a postal letter carrier in May of 1987 to work in defendant's Rochester office. On March 3, 1988, plaintiff requested that she be transferred to defendant's associate branch in Penn Yan because it was closer to her home. That request was denied and the plaintiff formally resigned from her position on March 28, 1988 for personal and medical reasons. Approximately one week later, plaintiff requested reinstatement and again sought a position with defendant's Penn Yan branch. That request was also denied and the plaintiff thereafter brought this action, alleging that defendant's failure to reinstate her was both arbitrary and capricious (Count I), and in violation of her civil rights under the Privacy Act, 5 U.S.C. § 552a (Count II).

DISCUSSION

Chapter 75 of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7501 *et seq.*, establishes certain procedural protections for employees, including postal workers, who are the subject of adverse personnel actions. 39 U.S.C. § 1005(a)(1). That chapter is divided into two subchapters based on the severity of the disciplinary action involved. Subchapter I governs suspensions of fourteen days or less, 5 U.S.C. § 7502, while subchapter II covers more major adverse actions, like the one in question here. *Id.* § 7511–14. An employee entitled to the protections of subchapter II may appeal an agency's decision to the Merit Systems Protection Board ("MSPB"), *id.* § 7513(d), and ultimately to the United States Court of Appeals for the Federal Circuit, *id.* §§ 7703(a)(1) & 7703(b)(1). *See generally United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830, *reh'g denied,* 485 U.S. 972, 108 S.Ct. 1250, 99 L.Ed.2d 448 (1988).

These rights to administrative and judicial review, however, are not available to all federal employees—nor to all postal workers. Instead, subchapter's II's procedural protections are available only to those postal employees who occupy a supervisory or managerial position, 39 U.S.C. § 1005(a)(4)(A), or who otherwise fall with-

in the statutory definition of "employee." For purposes of the instant action, subchapter II defines "employee" as:

> a *preference eligible*[1] *in the United States Postal Service* or the Postal Rate Commission, who has completed 1 year of current continuous service in the same or similar positions ...

5 U.S.C. § 7511(a)(1)(B) (emphasis added).

The plaintiff here is not a preference eligible or supervisor in the Postal Service and therefore cannot seek independent judicial or administrative review under subchapter II itself. Relying on a series of decisions of both this court and other courts, the plaintiff nonetheless argues that she should have a nonstatutory right to judicial review where, as here, the agency action is alleged to be arbitrary and capricious or in violation of the Privacy Act. *See, e.g., Cioppa v. U.S. Postal Service,* 603 F.Supp. 590 (W.D.N.Y.1984) (Telesca, J.); *Ross v. U.S. Postal Service,* 556 F.Supp. 729 (N.D.Ala.1983). I disagree.

In its recent decision in *United States v. Fausto, supra,* the Supreme Court rejected a similar claim made by a civil servant under the Back Pay Act who, like Ms. Barkley, did not qualify as an "employee" for purposes of subchapter II. In so doing, the Court relied heavily upon the comprehensive nature of the CSRA's system for reviewing personnel action taken against all types of federal employees. 108 S.Ct. at 673. It reasoned that the Act's overarching purpose, "the entirety of its text, and the structure of review that it establishes," 108 S.Ct. at 671, indicated a "considered congressional judgment that ... [excluded employees] should not have statutory entitlement to review for adverse action of the type governed by Chapter 75," 108 S.Ct. at 673–74. The Court accordingly concluded that it did not have jurisdiction to review the merits of the agency action in question.

Like the other courts which have recently faced this issue, I find the principles enunciated by the Supreme Court in *Fausto* equally applicable to the circumstances present here. *See Yokum v. U.S. Postal Service,* 877 F.2d 276, 278–280 & 281 n. 4 (4th Cir.1989) (*"Fausto* makes plain ... that by its design the CSRA abrogated even th[e] limited form of nonstatutory 'review on the merits,'" previously thought available) (citation omitted); *Royals v. Tisch,* 864 F.2d 1565, 1567–68 (11th Cir. 1989) (same); *Diaz v. U.S. Postal Service,* 853 F.2d 5, 7–9 (1st Cir.1988); *Witzkoske v. U.S. Postal Service,* 848 F.2d 70, 71–73 (5th Cir.1988) (same); *see also Parker v. U.S. Postal Service,* 859 F.2d 922 (6th Cir.1988) (unpublished), *cert. denied,* —— U.S. ——, 109 S.Ct. 1959, 104 L.Ed.2d 428 (1989). As a nonpreference eligible, plaintiff was statutorily precluded from seeking judicial review under the CSRA and therefore may not now seek review in this court of the defendant's decision not to reinstate her.[2] Despite plaintiff's contentions to the contrary, the fact that she was a postal worker rather than another type of excluded civil servant is of "no consequence." *Yokum,* 877 F.2d at 280. As the Fourth Circuit properly concluded in *Yokum:*

> Section 7511(a)(1)(B) just as specifically excludes nonpreference eligible Postal Service employees from the protection of subchapter II as it does nonpreference eligible members ... [of the type found to excluded in *Fausto.*] Since Congress clearly considered the question of *which* postal workers would be entitled to judicial review under Chapter 75 and ultimately chose to grant the right only to preference eligibles, it must also have intended to preclude judicial review of administrative action affecting *other* members of the 'postal career service.'

877 F.2d at 280 (emphasis in original) (quoting *Fausto,* 108 S.Ct. at 673). Therefore, notwithstanding any statutory or nonstatutory procedural protections which plaintiff

---

1. "Preference eligibles" are armed forces veterans and certain of their close relatives. *See* 39 U.S.C. § 1005(a)(2); 5 U.S.C. § 2108(3).

2. While subchapter II does not explicitly apply to denials of reinstatement, it is nonetheless a *"type* of personnel action covered by that chapter" and is therefore not subject to review. *Fausto,* 108 S.Ct. at 673 (emphasis added).

may have previously enjoyed, I find that the Supreme Court's decision in *Fausto* forecloses the possibility of any judicial review here.[3] Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is hereby granted.

ALL OF THE ABOVE IS SO OR-DERED.

**3.** I feel compelled to emphasize that the jurisdictional question in this case is a narrow one and that my decision is accordingly limited. Like the other courts that have considered this issue, I hold only that, under *Fausto,* "nonpreference eligible postal employees cannot seek nonstatutory judicial review on the *merits* of adverse personnel decisions taken at the administrative level." *Yokum,* 877 F.2d at 280 n. 5; *accord* *Royals,* 864 F.2d at 1569. I express no opinion as to whether a federal court would have jurisdiction over constitutional causes of action that are "not mere attempts to have the merits of the disciplinary proceedings reviewed." *Royals,* 864 F.2d at 1569. I note only that the plaintiff here raises no such constitutional claims. *See* Letter of John Schuppenhauer dated June 29, 1990.