937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David J. YOKUM, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Gerald F. Merna,
Dempsey J. White, Jacquelynn Estes, James Rogers,
James Gardner, Jack West, Joel S.
Trosch, Defendants-Appellees.
 No. 90-2196.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1991.
Decided July 3, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-90-274-A)
 Gilbert Kenneth Davis, Davis & Tuttle, Vienna, Va., for appellant.
 Kevin Barclay Rachel, Senior Attorney, Office of Labor Law, United States Postal Service, Washington, D.C. (Argued), for appellees; Jesse L. Butler, Assistant General Counsel, Office of Labor Law, United States Postal Service, Washington, D.C., Henry E. Hudson, United States Attorney, Paula P. Newett, Assistant United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and W. EARL BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 * David J. Yokum, a former nonpreference eligible employee of the United States Postal Service, appeals the dismissal of his action for damages against several of the individuals involved in his termination from employment. Yokum brought this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the defendants deprived him of his constitutional rights in the manner in which they applied the postal internal grievance procedures to his case. The district court concluded that it did not have subject matter jurisdiction inasmuch as the comprehensive remedial scheme for federal employees precludes a Bivens claim. We affirm.
 
 
 2
 Yokum, the Stations/Branches Operations Manager at the Oakton, Virginia Postal Annex, was dismissed from his job with the United States Postal Service on 10 October 1986 based on charges of sexual harassment, unethical conduct and unsatisfactory performance of his managerial duties. Pursuant to Part 650 of the Postal Service's Employee and Labor Relations Manual, Yokum sought administrative review of the decision. A formal evidentiary hearing was conducted and afterwards the hearing officer issued a report sustaining the sexual harassment and unethical conduct charges and upholding Yokum's dismissal. Yokum then pursued a "Step I" appeal whereby the person designated by the Eastern Regional Postmaster General examined the documentary evidence and the transcript from the evidentiary hearing. The designated person made an independent determination that the hearing officer's findings were "fully supported by a preponderance of the record evidence" and therefore sustained the dismissal. Yokum then filed a "Step II" appeal in which the Assistant Postmaster General for Employee Relations served as appeals officer and conducted an independent review of the record. Again, Yokum's dismissal was upheld.
 
 
 3
 Having exhausted his administrative remedies, Yokum filed a wrongful discharge action in district court alleging that his dismissal was "arbitrary, capricious and not supported by substantial evidence" and that "[t]he failure of the United States Postal Service to provide plaintiff with a meaningful, legitimate internal grievance procedure to review disciplinary actions against him denied plaintiff his constitutional right of due process of law." Yokum attempted to invoke the district court's jurisdiction by relying on a purported "well-recognized non-statutory right of Federal Courts to review Postal Service adverse administrative actions." Complaint, Yokum v. United States Postal Serv. (C/A 88-0353-A), Paragraph 1, Joint Appendix at 34. The district court dismissed the action for lack of subject matter jurisdiction on 8 July 1988 and Yokum appealed to this court.
 
 
 4
 This court in Yokum v. United States Postal Serv., 877 F.2d 276 (4th Cir.1989) (hereinafter "Yokum I "), affirmed the dismissal of the case. We held there that Chapter 75 of the Civil Service Reform Act of 1978, Pub. L. 95-454, 92 Stat. 1111 et seq. (codified, as amended, at 5 U.S.C. Sec. 1101 note), precludes judicial review of administrative personnel decisions adverse to the interests of nonpreference eligible postal workers such as Yokum. However, in a footnote, it was stated that the court was "express[ing] no opinion on the question whether such employees might maintain civil actions for damages against supervisory officials on claims of constitutional violations" pursuant to Bivens. Yokum argued to the court in Yokum I that he had made a Bivens claim by alleging that "the Postal Service failed to provide him with a meaningful and legitimate internal grievance procedure to review disciplinary actions against him, thereby denying his constitutional right to due process of law." Yokum, 877 F.2d at 281, n. 5. The court noted that the Postal Service's internal grievance procedures have been repeatedly upheld against due process claims by the federal courts and adjudged Yokum's assertion to be "no more than an attempt to reiterate his assertion that the Postal Service's dismissal order was not supported by the evidence." Id.
 
 
 5
 On 26 February 1990, Yokum filed the instant Bivens action against Postmaster General Frank and seven postal employees who each played some role in the investigation, initiation or review of his dismissal. This complaint and the complaint filed in Yokum I are virtually identical with the exception of the references to Bivens added in the second complaint. In the instant case, Yokum alleges that the manner in which the internal grievance procedure was applied in his case deprived him of his due process and equal protection rights.
 
 
 6
 The defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment on several grounds, including the ground that the court lacked subject matter jurisdiction over a Bivens action from a postal employee. The court held a hearing on the motion, and after argument, the district court issued an order dismissing the claim. The order reads, in part: "The motion of the defendants to dismiss this action because the court lacks jurisdiction is granted, the court finding that the comprehensive remedial scheme for federal employees precludes this claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in light of Bush v. Lucas, 462 U.S. 367 (1983)." It is from this order that Yokum appeals.
 
 II
 
 7
 In Bivens, the Supreme Court created an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights. However, the Court specified that a Bivens action may not be maintained in two situations: 1) where Congress has provided an alternative remedy and has indicated its intent, either explicitly or implicitly, that the remedy should be a substitute for recovery directly under the Constitution; Bush, 462 U.S. at 378; Gaj v. United States Postal Serv., 800 F.2d 64, 67 (3d Cir.1986), and 2) where there are "special factors counseling hestitation in the absence of affirmative action by Congress." Bivens, 403 U.S. at 396.
 
 
 8
 The Supreme Court in Bush, the case relied upon by the district court, denied a Bivens action to a federal employee who worked as an engineer for the National Aeronautics and Space Administration. 462 U.S. at 390. The Court held that because constitutional claims against the superiors of federal employees arise out of an employment relationship that is governed by comprehensive civil service remedies, it would be inappropriate for the Court "to create a new substantive legal liability." Id. The Court held that the comprehensive remedies available to federal employees constituted a special factor counseling hestitation and therefore declined to authorize a Bivens action.
 
 
 9
 In a more recent case, Schweiker v. Chilicky, 487 U.S. 412 (1988), the Supreme Court further limited the availability of Bivens actions. In Chilicky, the plaintiffs, seeking money damages, alleged that the officials responsible for the termination of their Social Security disability benefits had violated their due process rights. 487 U.S. at 417-18. The Court described the Social Security system's "elaborate administrative remedies" and stated:
 
 
 10
 [T]he concept of "special factors counselling hesitation in the absence of affirmative action by Congress" has proved to include an appropriate judicial deference to indications that congressional inaction has not been inadvertent. When the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.
 
 
 11
 Id. at 423. The Court held that the existence of the statutory remedy was a "special factor counselling hesitation" and precluded a Bivens action, even though the remedy does not provide complete relief for the plaintiff. Id.
 
 
 12
 Yokum, a nonpreference eligible employee, implicitly concedes that preference eligible employees of the Postal Service would be unable to maintain a Bivens action because of the comprehensive nature of the remedies available to them under Chapter 75 of the CSRA. Yokum's argument is that nonpreference eligible employees who cannot seek the independent review of the Merit Systems Protection Board (hereinafter "MSPB") or judicial review under CSRA provisions should be entitled to a Bivens remedy because the Postal Service's procedures available to them place their fate exclusively within the hands of the Postal Service and its employees.
 
 
 13
 Postal workers are generally exempt from the provisions of the CSRA. 39 U.S.C. Sec. 410(a). An exception to this general rule is found in 39 U.S.C. Sec. 1005(a)(1) which provides that Chapter 75 shall apply to the officers and employees of the Postal Service. 39 U.S.C. Sec. 1005(a)(1). Chapter 75 of the CRSA, 5 U.S.C. Secs. 7501-7543, provides procedural safeguards for "employees" who have been subjected to adverse personnel actions. Chapter 75 is divided into five subchapters, two of which are relevant to this case. Sub-chapter I governs suspensions of 14 days or less and subchapter II governs more serious adverse actions. Demotion and dismissal from employment are adverse personnel actions covered by subchapter II. The procedural safeguards of subchapter II include appeal to the MSPB, Sec. 7513(d), and ultimately to the United States Court of Appeals for the Federal Circuit. Sec. 7703(a)(1),-(b)(1). All Postal Service employees are not entitled to subchapter II's procedural protections, however. Only those postal workers included in the subchapter II definition of "employee" may utilize the subchapter II appeals. Included in the definition of "employee" is a "preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions ... in the United States Postal Service...." Sec. 7511(a)(1)(B)(ii) (Supp.1991). Nonpreference eligible employees of the Postal Service are not included in the definition and therefore cannot utilize the appeals available under subchapter II.
 
 
 14
 Although not entitled to subchapter II protections, nonpreference eligible Postal Service employees are not without means for addressing grievances. Congress mandated that the Postal Service establish procedures to assure employees protection of their employment rights and provide them with procedures to challenge adverse actions. 39 U.S.C. Sec. 1001(b). Pursuant to the statutory mandate of 39 U.S.C. 1001(b), the Postal Service promulgated the internal grievance procedures found in Part 650 of the Postal Service's Employee and Labor Relations manual. Yokum, 877 F.2d at 277, n. 1. Part 650 "governs internal administrative appeals of personnel decisions adverse to the interests of postal workers who are not otherwise protected by grievance provisions in independent collective bargaining agreements." Id. Pursuant to Part 650, an employee is entitled to a two step appeal:
 
 
 15
 In Step I, if the employee requests a hearing or the Step I official deems it necessary, a hearing is held in which the Postal Service and the employee have the right to be represented, to present evidence and witnesses, and to cross-examine the other party's witnesses. A hearing officer then makes findings of fact for consideration by the Step I official, a lower level Postal Service administrator, who then evaluates the appeal. The employee can then appeal from Step I to Step II, in which a higher level administrator evaluates the appeal. An appeal to a Step II official is the final appeal an employee of the Postal Service can make.
 
 
 16
 Royals v. Tisch, 864 F.2d 1565, 1566 n. 3 (11th Cir.1989). The Part 650 internal grievance procedure has been upheld against due process claims. See Alsbury v. United States Postal Serv., 530 F.2d 852, 854-55 (9th Cir.), cert. denied, 429 U.S. 828 (1976).
 
 
 17
 Yokum argues that because Congress failed to provide non-preference eligible postal employees with the right to an independent review of Postal Service decisions that the grievance procedure available to him is not comprehensive and thus he is not preempted from bringing a Bivens action. We do not agree. Congress' action in singling out preference eligible postal employees for subchapter II protection suggests that Congress has provided nonpreference eligible postal employees what it considers adequate remedial mechanisms for constitutional violations. United States v. Fausto, 484 U.S. 439, 450, n. 4 (1988). The fact that the remedial scheme provided for by Congress does not offer the complete relief an employee would like does not entitle him to a Bivens remedy. Chilicky, 487 U.S. at 424; Pinar v. Dole, 747 F.2d 899 (4th Cir.1984), cert. denied, 471 U.S. 1016 (1985). The comprehensive remedial scheme available to nonpreference eligible postal employees constitutes a "special factor counselling hesitation" and therefore the district court was proper in dismissing Yokum's action for lack of subject matter jurisdiction.
 
 
 18
 AFFIRMED.