**Bonnie Lynn BARKLEY, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 96–CV–6265L.**

United States District Court,
W.D. New York.

May 20, 1998.

Bonnie Lynn Barkley, Penn Yan, NY, pro se.

Brian M. McCarthy, Asst. U.S. Atty., U.S. Atty., Rochester, NY, Charles J. Dudek, U.S. Postal Service, Law Dept., Windsor, CT, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff, Bonnie L. Barkley, appearing *pro se*, commenced this action against defendant United States Postal Service ("USPS") on June 10, 1996. On the original complaint, which is a form civil rights complaint, plaintiff did not check off any of the lines indicating what statute or statutes the action was brought under, though she did check the lines stating that the acts complained of concern USPS's failure to employ her, and retaliation because plaintiff had complained about discrimination or harassment directed toward her. She also indicated that USPS had discriminated against her on account of her sex.

With leave of court, plaintiff filed an amended complaint on November 10, 1997. That complaint, which names as defendants USPS, Postmaster General Marvin T. Runyon, and Thomas Hohman, the Postmaster of Penn Yan, New York, recites plaintiff's work history with USPS, and alleges discrimination and retaliation, but does not expressly state the nature of that discrimination or retaliation.

Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment under

Rule 56.. Since both parties have submitted materials outside the pleadings, I will treat the motion as a motion for summary judgment. For the reasons that follow, defendant's motion is granted.

## DISCUSSION

Some of the relevant facts were set out in a Decision and Order by then-Chief Judge Telesca in a prior action brought by plaintiff, *Barkley v. U.S. Postal Service,* 745 F.Supp. 892 (W.D.N.Y.1990). As stated in that decision, plaintiff was hired as a postal letter carrier in 1987. She resigned for personal and medical reasons in 1988, but sought reinstatement a week later. When her request for reinstatement was denied, she sued USPS, alleging that its failure to reinstate her was arbitrary and capricious, and in violation of her civil rights under the Privacy Act, 5 U.S.C. § 552a.

USPS moved to dismiss for lack of subject matter jurisdiction, and Chief Judge Telesca granted the motion. Relying on the Supreme Court's decision in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), the court granted the motion on the ground that plaintiff was not among the classes of postal workers for whom administrative and judicial review of adverse personnel actions are made available by Chapter 75 of the Civil Service Reform Act, 5 U.S.C. § 7501 *et seq.*

For the same reasons stated by Chief Judge Telesca in the prior decision, I find subject matter jurisdiction lacking in the instant case as well with respect to plaintiff's claim that, based on her qualifications, USPS should have chosen her over other applicants for a particular position. The only additional facts that plaintiff alleges in this action is that on several occasions in 1993, she again applied for a job with USPS, that she was not hired,[1] that USPS's decision in that regard was arbitrary and capricious, and that USPS violated some of its internal regulations in the hiring process. She is no more entitled to seek judicial review of the merits of USPS's decision now than she was in her prior action, and this court therefore lacks subject matter jurisdiction.

To the extent that plaintiff alleges that defendants have retaliated against her because of her prior lawsuit, and that defendants have discriminated against her on account of her sex, the court does have subject matter jurisdiction. These claims fail for several reasons, however. First, plaintiff's claim of sex discrimination must be dismissed because plaintiff never alleged sex discrimination in her administrative complaints. In a USPS form in which plaintiff requested Equal Employment Opportunity ("EEO") counseling, plaintiff alleged *"Retaliation—* paying back a wrong, injury, etc. . . . I feel Mr. Hohman is still thinking of the past and can not see clearly to hire me for a full-time position as a letter carrier." Declaration of Robert Hylen ("Hylen Decl."), attached to defendants' motion, Ex. 1. She said nothing about sex discrimination. In a subsequent USPS discrimination complaint, plaintiff alleged that "Postmaster Thomas Hohman knew that I've been trying to get my job back as a letter carrier [with] USPS since 1988." Hylen Decl. Ex. 2. Again, no mention was made of sex discrimination. In an affidavit filed in the course of the ensuing EEO investigation, plaintiff stated, "I believe that this [denial of reinstatement] is discrimination due to prior EEO activity . . .," *i.e.,* plaintiff's prior lawsuit. Hylen Decl. Ex. 4. The decisions of the Equal Employment Opportunity Commission ("EEOC") (which found no merit to plaintiff's claims) also contain no references to sex discrimination. Hylen Decl. Ex. 5, 7.

Thus, plaintiff has not exhausted her administrative remedies with respect to her claim of sex discrimination, and she is therefore barred from raising this claim in this action. "A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged

---

1. Defendants allege, and have provided evidence, that plaintiff was also employed by USPS as a casual letter carrier from August 23, 1993 to November 20, 1993, when that temporary posi-

tion was eliminated. Regardless of whether this is true, it has no bearing on the merits of defendants' motion.

in the EEOC charge." *Butts v. City of New York Dept. of Housing Preservation and Development,* 990 F.2d 1397, 1401 (2d Cir.1993); *Stewart v. INS,* 762 F.2d 193, 198 (2d Cir. 1985); *see also Spurlock v. NYNEX,* 949 F.Supp. 1022, 1030 (W.D.N.Y.1996) (dismissing disability discrimination claim where EEOC charge only mentioned race discrimination). Plaintiff's claim of sex discrimination is wholly unrelated to her retaliation claim, which is based on her prior lawsuit alleging that USPS's decision not to reinstate her was arbitrary and capricious and violated her rights under the Privacy Act.

Moreover, under EEOC regulations, if informal attempts to resolve a complaint are unsuccessful, the complainant must submit a formal administrative complaint "within 15 calendar days after the date of receipt of the notice of the right to file a complaint." 29 C.F.R. § 1613.214(a)(1)(ii). Noncompliance with this time limit constitutes a failure to exhaust administrative remedies, which bars the complainant from commencing a district court action on the claim. *Lopez v. Louisiana Nat'l Guard,* 733 F.Supp. 1059, 1074 (E.D.La.), *aff'd,* 917 F.2d 561 (5th Cir.1990); *Tillett v.. Carlin,* 637 F.Supp. 251, 253 (D.Conn.1986). Since plaintiff has *never* filed an administrative complaint of sex discrimination, this claim is barred.

 In addition, both plaintiff's retaliation and sex discrimination claims are meritless. Plaintiff simply alleges in conclusory fashion that she should have been hired but was not. Defendants have responded by setting forth a legitimate reason for their decision not to rehire plaintiff. Hohman states in a sworn declaration that based on plaintiff's performance during her prior temporary employment, he believed that she did not possess the adaptability to work a flexible schedule, which was critical for this type of position. Declaration of Thomas J. Hohman, attached to defendants' motion, ¶ 10. Plaintiff has presented no evidence to rebut that statement or to indicate that defendants had any retaliatory or discriminatory motives. She disputes the truth or accuracy of some statements Hohman made at plaintiff's EEOC hearing, but none of them raise any issues of fact concerning retaliation or sex

discrimination. Other than that, plaintiff simply makes the conclusory allegation that she has been discriminated and retaliated against. That is not enough to make out a *prima facie* case under Title VII. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.) *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985); *Duprey v. Prudential Ins. Co.,* 910 F.Supp. 879, 883 (N.D.N.Y.1996).

The facts that plaintiff had filed a prior lawsuit against USPS, and that a man was chosen for one of the positions that she alleges she should have been given (a woman was chosen for the other), without more, are not enough to establish an issue of fact regarding whether defendants' proffered reasons for their actions are pretextual. If they were, then any plaintiff who had engaged in prior EEO activity, or been turned down for a job in favor of someone of the opposite sex, could defeat a motion for summary judgment, no matter how well-founded. *See Wado v. Xerox Corp.,* 991 F.Supp. 174, 178 (W.D.N.Y. 1998); *Coleman v. Prudential Relocation,* 975 F.Supp. 234, 247 (W.D.N.Y.1997).

As stated, plaintiff's claim essentially is simply that she was a better candidate for certain positions than the persons who were hired. Whether defendants made the best choice is not the issue, for "[t]he laws prohibiting discrimination in employment were 'not intended to transform the courts into personnel managers.'" *Prudential,* 975 F.Supp. at 239 (quoting *Thornbrough v. Columbus and Greenville R.R. Co.,* 760 F.2d 633, 647 (5th Cir.1985)). As the Second Circuit has observed, Title VII did not confer upon federal courts a "roving commission to review business judgments," *Montana v. First Fed. Savings and Loan Ass'n of Rochester,* 869 F.2d 100, 106 (2d Cir.1989) (quoting *Graefenhain v. Pabst Brewing Co.,* 827 F.2d 13, 21 n. 8 (7th Cir.1987)), and courts "must refrain from intruding into an employer's policy apparatus or second-guessing a business's decision-making process." *Meiri,* 759 F.2d at 995. To survive summary judgment, plaintiff must come forward with some "concrete particulars" showing discrimination, *id.* at 998, and she has not done so. Her claims must therefore be dismissed.

■ I also note that plaintiff has requested appointment of counsel. After considering the factors set forth in *Hendricks v. Coughlin,* 114 F.3d 390 (2d Cir.1997), *Cooper v. A. Sargenti Co.,* 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986), I find that assignment of counsel is not warranted. "In deciding whether to appoint counsel, ... the district judge should first determine whether the indigent's position is likely to be of substance." *Hodge,* 802 F.2d at 61. For the reasons stated, I find that plaintiff's case is plainly without merit, and that she would fare no better with appointed counsel. It is evident from the record that the defects in plaintiff's case arise not from "an inadequate presentation of the facts" that might be corrected by an attorney, *Hendricks,* 114 F.3d at 392, but from the inadequacy of the facts themselves. Plaintiff's request for appointment of counsel is therefore denied.

## CONCLUSION

Defendants' motion to dismiss or for summary judgment (Item 31) is granted, and the complaint is dismissed.

Plaintiff's motion for appointment of counsel (Item 34) is denied.

IT IS SO ORDERED.