Mary TILLETT,

v.

**Paul CARLIN, in his official capacity as Postmaster General of the United States.**

**Civ. No. H–84–1238(MJB).**

United States District Court, D. Connecticut.

Aug. 5, 1985.

See also 637 F.Supp. 251.

---

Jonathan L. Gould, Ruth L. Pulda, Kestell, Pogue & Gould, Hartford, Conn., for plaintiff.

Leslie Ohta, Asst. U.S. Atty., New Haven, Conn., Howard J. Kaufman, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendant.

## RULING ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

BLUMENFELD, Senior District Judge.

On November 26, 1984, the plaintiff, a black female, commenced this action which alleges, *inter alia,* that the defendant violated the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16, by discriminating against the plaintiff on the basis of race when it issued a written warning reprimanding her for her alleged failure to lock three safes and set the alarm on the night of May 18, 1983, when she was Acting Manager of the Silver Lane Branch Post Office in East Hartford, Connecticut. The complaint alleged that this warning was unjustified and was part of a pattern of continued harassment and retaliation against the plaintiff for having previously filed charges with the EEOC in December 1979 and March 1983.

On January 17, 1985, the defendant moved to dismiss the original complaint, or, in the alternative, for summary judgment, on the ground that plaintiff's failure to exhaust her administrative remedies requires dismissal of this action.

On January 30, 1985, the plaintiff amended her complaint alleging additional acts of retaliation which occurred in 1984.

On January 31, 1985, a status conference was held before this court at which the plaintiff was granted limited discovery for the purpose of reviewing the postmark on the envelope which formed the basis for the Postal Service's and the Equal Employment Opportunity Commission's determinations that the plaintiff's administrative complaint, in the action that was the sole basis of the original complaint in this case, was untimely.

On March 6, 1985, the defendant filed a motion to dismiss plaintiff's amended complaint, or, in the alternative, for summary judgment.

On March 20, 1985, the plaintiff submitted a memorandum in opposition to the defendant's motion to dismiss the original complaint and, in addition, requested an extension of time to respond to the defendant's motion to dismiss the amended complaint on the ground that the defendant's two motions to dismiss were grounded on the same legal basis and that the court's decision on the first motion would, in all likelihood, be dispositive of the second motion. The motion for an extension of time was granted. Thus the only motion fully briefed and argued before this court is the defendant's motion to dismiss, or, in the alternative, for summary judgment as against the single claim of discrimination and retaliation set forth in the original complaint in this action, filed November 26, 1984.

### Procedural History of the Sole Claim Which is the Subject of This Ruling [1]

On June 20, 1983, the plaintiff contacted a Postal Service counselor concerning a letter of warning she received on May 23, 1983, which reprimanded her for failing to lock three safes and set the alarm on the night of May 18, 1983, when she was Acting Manager of the Silver Lane Branch Post Office in East Hartford. On August 2, 1983, the plaintiff met with EEO counselor Octavio Luciano who informed her that, inasmuch as 21 days had elapsed since she contacted the EEO counselor, plaintiff was now entitled to file a formal complaint if she believed she had been discriminated against by the Postal Service. The EEO counselor further informed her that she must file her formal EEO complaint within 15 calendar days after the counselor's final interview (Postal Service Exhibit "D" filed January 17, 1985, with defendant's motion to dismiss, or, in the alternative, for summary judgment). The EEO counselor's final interview took place on August 2, 1983, at which point the plaintiff acknowledged being informed of the 15-calendar-day time limits required to file a formal complaint by affixing her signature to a statement detailing the applicable procedures (Postal Service Exhibits "D" and "E" filed January 17, 1985 with defendant's motion to dismiss, or, in the alternative, for summary judgment).

On August 21, 1983, the plaintiff filed her formal complaint with the Postal Service alleging that the warning letter she had received was in retaliation for prior complaints she had made to the EEOC.

On September 28, 1983, the Postal Service issued its Final Agency Decision rejecting plaintiff's complaint as untimely inasmuch as the plaintiff had exceeded the 15-day calendar limitation as set forth in 29 C.F.R. § 1613.214 (Postal Service Exhibit "F" filed January 17, 1985, with defendant's motion to dismiss, or, in the alternative, for summary judgment).

On October 19, 1983, the plaintiff initiated an appeal to the EEOC's Office of Review and Appeals. On October 24, 1984, the EEOC Office of Review and Appeals affirmed the Postal Service's final decision that the complaint was untimely (Postal Service Exhibit "G" filed January 17, 1985, with defendant's motion to dismiss, or, in the alternative, for summary judgment).

On November 26, 1984, the plaintiff initiated this action in federal district court. The defendant had moved to dismiss, or, in the alternative, for summary judgment on the ground that the plaintiff's failure to initiate the administrative complaint process by filing a formal complaint with the agency within 15 days of the final interview with the agency's EEO counselor, as required by 29 C.F.R. § 1613.213(a)(1)(ii), constituted a failure to exhaust administrative remedies whose exhaustion has been

---

**1.** While some of the dates set forth in the chronology of events may be in dispute, there is no dispute that the plaintiff failed to file her formal EEO complaint within 15 calendar days after her final interview with the EEO counselor. It is that failure in particular which is the basis of the defendant's motion to dismiss, or, in the alternative, for summary judgment.

held to be a mandatory precondition to suit under Title VII.

The plaintiff does not contest the veracity of the Postal Service's and the EEOC's determinations that she did not mail her formal complaint within the proper time limits under 29 C.F.R. § 1613.213(a)(1)(ii). Rather, the plaintiff argues that this court should equitably toll the administrative time limits as to her complaint. Alternatively, the plaintiff argues that this court may not dismiss her claim under the cited regulation because the EEOC's administrative regulations are invalid, in that they do not comport with the Congressional intent underlying their promulgation.

*Discussion*

Plaintiff's claims of race discrimination against the United States Postal Service, a federal employer, find their exclusive remedy in Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Section 717 specifically requires that a federal employee seeking relief for alleged employment discrimination based on race, color, sex, religion, or national origin proceed first with certain administrative procedures before the federal employer charged with the discrimination prior to instituting an action in federal district court. *Id.* The administrative procedures which the aggrieved federal employee must exhaust are found at 29 C.F.R. § 1613.211 *et seq.* Section 1613.-214(a)(1)(ii) specifically requires that a federal employee initiate the administrative process by filing a formal complaint with the agency within 15 days of the final interview with the agency's EEO counselor.

The plaintiff here does not dispute that she failed to file her formal complaint with the agency within 15 days of her final interview with the agency's EEO counselor as required by the regulation. The defendant's motion to dismiss presently before the court is grounded on plaintiff's failure to exhaust her administrative remedies, as

is required prior to bringing suit under Title VII.

█ While some jurisdictions treat administrative time requirements as jurisdictional preconditions to suit, *e.g., Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), other jurisdictions, including this district, treat administrative time requirements like statutes of limitations which may be tolled on equitable grounds. *Malave v. Bolger*, 599 F.Supp. 221 (D.Conn.1984). Indeed, the plaintiff's primary argument in opposition to the defendant's motion to dismiss, or, in the alternative, for summary judgment in this case is that equitable principles preclude this court from dismissing this action.

█ The doctrine of equitable tolling is applied by courts to prevent unusually harsh results, such as dismissal, for excusable failures to keep within required time limitations. The doctrine, however, is not applied by the courts in a free-wheeling fashion. Rather, it is one of limited applicability, and is ordinarily reserved for cases in which the employee was either misled by the affirmative misconduct of the agency during the administrative phase or for cases in which the employee is particularly unschooled in the filing procedure and is unable to articulate the employment discrimination charge. *See Cooper v. Bell*, 628 F.2d 1208, 1213–14 (9th Cir.1980); *Siegel v. Kreps*, 654 F.2d 773, 777 (D.C.Cir. 1981). *See generally Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196, *reh'g denied*, 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984); *Cerbone v. ILGWU*, 768 F.2d 45, 48–50 (2d Cir.1985).

█ Given the facts of this case, there is no basis upon which this court can apply the doctrine of equitable tolling to prevent the plaintiff's failure to comply with the 15-day rule of § 1613.214(a)(1)(ii) from rendering her administrative complaint untimely. The record in this case clearly reflects that the plaintiff was informed by the EEO counselor of the 15-calendar-day time limit required to file a formal complaint. *See* Defendant's Exhibits "D" and

"E" filed January 17, 1985 with defendant's motion to dismiss, or, in the alternative, for summary judgment.

Plaintiff's primary argument that she is entitled to equitable tolling in this case rests on her assertion that the words in the notice that she received merely stated that she "may file" the complaint within 15 calendar days "in person or by mail" with the Regional Equal Employment Opportunity Officer. Plaintiff points out that the notice does not specifically say that the merits of the plaintiff's case will not be investigated if she does not file within that 15-day period nor does it say that all access to court will be denied if she does not file her complaint. Plaintiff argues that she had no reason to believe that if she did not postmark her complaint within 15 days after she received her notice of final interview that she would not have the merits of her case heard in court, and that since she acted on a reasonable belief that she was complying with the administrative filing requirements for her EEO complaint, even though the envelope containing her complaint was not dated as postmarked until August 21, 1983 (19 days after the notice of final interview), and hence may not have been in strict compliance with EEOC regulations, the principles of equity should preclude this court from finding that the plaintiff's lack of strict compliance did not sufficiently fulfill the administrative prerequisites to filing a complaint pursuant to Section 717 of Title VII.

■ The plaintiff's arguments, however, must fail on several grounds. First, the actual words used in the Notice of Final Interview with EEO Counselor regarding the 15-day time limitation were: "you have the right to file a COMPLAINT OF DISCRIMINATION WITHIN 15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE." Thus, the right to file a complaint was itself unequivocally circumscribed by the 15-day limitation rule. This should have been understandable even by a layperson unschooled in the filing process. Second, the plaintiff has failed to make any showing whatsoever of affirmative miscon-

duct on the part of the EEO counselor, or anyone else, sufficient to establish a basis for equitable tolling against the Postal Service. Furthermore, the record in this case indicates that the plaintiff was experienced in using the EEO processes and therefore cannot fairly be characterized as an employee who was "unschooled in the filing procedure and unable to articulate the employment discrimination charge." *Cooper v. Bell*, 628 F.2d at 1213. Indeed, the plaintiff's initial complaint in this action alleges that in December 1979 she had filed a formal complaint with the Postal Service, and had filed another EEO complaint in March of 1983. (Complaint ¶¶ 17–19). The plaintiff's own self-serving statement in her affidavit of March 19, 1985, that she did not understand, from reading the instructions on the notice of final interview, that if she did not have her written complaint postmarked within 15 days her cause of action would be extinguished, will not be sufficient to support her argument for equitable tolling. Subjective ignorance does not automatically entitle a complainant to a time extension. *Arrington v. Bailar*, 481 F.Supp. 50, 53 (S.D.Tex.1979). It should have been clear to the plaintiff that the 15-day time limitation set out in block letters in the notice of final interview meant that she should act quickly and diligently if she wanted to pursue her complaint. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center v. Brown*, 104 S.Ct. at 1725–26. Accordingly, since the plaintiff has failed to demonstrate that there was excusable delay in the filing of her administrative complaint, her complaint must be dismissed, *Gilchrist v. Bolger*, 35 Fair Emp. Prac.Cas. 72, 89 F.R.D. 402 (S.D.Ga.1981), unless she can show some other valid reason why the regulations in question should not be applied to bar her lawsuit.

■ The plaintiff's final argument in opposition to this motion is that the EEOC regulations establishing the administrative prerequisites for filing an action under Section 717 of Title VII are invalid in that they

do not comport with the Congress' intent when it enacted Section 717. The argument proves too much. If the regulations promulgated under Section 717 are, as a whole, invalid due to the discrepancy between the intent of Congress in the enactment of Title VII and the manner in which Title VII is carried out by the EEOC regulations establishing the administrative prerequisites for filing a lawsuit, it could not have escaped the notice of the Supreme Court when it decided *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct 1961, 48 L.Ed.2d 402 (1976). In *Brown* the Supreme Court specifically held that Section 717 of Title VII of the Civil Rights Act of 1964 was the exclusive remedy by which a federal employee could seek relief for discrimination based upon race, color, sex, religion, or national origin. Further, the Court held that as a precondition to suit the plaintiff would have to seek relief in the agency that allegedly discriminated against him. *Id.* at 832, 96 S.Ct. at 1967. The Court explicitly recognized that Section 717 provides for a careful blend of administrative and judicial enforcement powers including rigorous administrative exhaustion requirements and time limitations. 425 U.S. at 833, 96 S.Ct. at 1968. Since the decision in *Brown* it has been consistently held that the failure to meet the administrative time limits during the administrative stages of filing a formal complaint are grounds for dismissal of the action. *E.g., Boyd v. United States Postal Service,* 752 F.2d 410 (9th Cir.1985); *Bickham v. Miller,* 584 F.2d 736 (5th Cir.1978); *Keene v. Costle,* 589 F.Supp. 687 (E.D.Pa. 1984); *Bright v. Butler,* 37 Fair Emp.Prac. Cas. 782 (Dist. of Columbia, March 29, 1985).

Not only has the plaintiff failed to point to any prior decisions that have held the regulation in question here to be invalid as failing to comport with the Congressional intent behind the statute pursuant to which it was promulgated, but also the plaintiff has failed to even address the threshold question in a case such as this—whether or not this is a situation in which this court must defer to the interpretations and regulations of the administrative department

that is entrusted to administer the statutory scheme. The Supreme Court has long recognized that considerable weight should be accorded to an executive department's (here the EEOC's) construction of a statutory scheme it is entrusted to administer. *Chevron, U.S.A., Inc. v. NRDC, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984). In the *Chevron* case the Supreme Court clearly spelled out the standard that must be applied here:

> "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Morton v. Ruiz,* 415 U.S. 199, 231, 94 S.Ct. 1055, 1072, 39 L.Ed.2d 270 (1974). If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.

104 S.Ct. at 2782 (footnote omitted). Plaintiff has failed to show that the particular regulation squarely before this court, 29 C.F.R. § 1613.214(a)(1)(ii), is either arbitrary, capricious, or manifestly contrary to Section 717. Any argument that could be put forth, however, would no doubt rest on some notion that the 15-day requirement in the regulation arbitrarily and capriciously acts to trap the unwary layperson to preclude him from asserting his right not to be discriminated against. Such an argument carries little weight in view of the fact that the statutory regulations themselves provide for extension of the time limitations at issue here upon a proper showing. As stated in 29 C.F.R. § 1613.214(a)(4):

> The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time

limits; or (ii) for other reasons considered sufficient by the agency.

Taking the built-in flexibility provided for by the time extensions in the above regulation, in addition to the doctrine of equitable tolling, which the plaintiff has failed to show ought to apply in this case, it cannot be convincingly argued that the 15-day requirement of section 1613.214(a)(1)(ii) is arbitrary, capricious, or manifestly contrary to the intent of Congress when it enacted Section 717 of Title VII.

In light of all of the foregoing, the defendant's motion, which shall be treated as a motion for summary judgment, is granted as respects the claim of discrimination alleged in the initial complaint in this case, filed on November 26, 1984. See Rule 12(c) of the Federal Rules of Civil Procedure. The parties should take proper and prompt action as to the remaining dispositive motions outstanding in this case in view of the holding of this decision.

SO ORDERED.