Mary **TILLETT**

v.

**Paul CARLIN, in his official capacity as Postmaster General of the United States.**

**Civ. No. H–84–1238(MJB).**

United States District Court, D. Connecticut.

May 16, 1986.

Jonathan L. Gould, Ruth L. Pulda, Kestell, Pogue & Gould, Hartford, Conn., for plaintiff.

Leslie Ohta, Asst. U.S. Atty., New Haven, Conn., Howard J. Kaufman, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendant.

RULING ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

BLUMENFELD, Senior District Judge.

The plaintiff, Mary Tillett, brings this action for declaratory, injunctive and other equitable relief against the Postmaster General of the United States Postal Service for acts of employment discrimination and retaliation allegedly committed against her while she was a Postal Service employee.

### Background

On November 26, 1984, the plaintiff, a black female, filed a complaint in this court alleging that the defendant violated the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16, by discriminating against her on the basis of race. The complaint, which was based on charges the plaintiff had filed with the EEOC, alleged that the defendant discriminated against her when he issued her a letter of reprimand in May 1983 and that this letter was part of a continuing pattern of retaliation against her for filing charges with the EEOC in prior instances.

The defendant moved to dismiss the complaint, or in the alternative, for summary judgment, on the ground that the plaintiff had failed to exhaust her administrative remedies in a timely manner.

The plaintiff then amended her complaint on January 30, 1985, alleging additional acts of retaliation in the defendant's failure to promote her on three occasions in 1984. On March 6, 1985, the defendant filed a motion to dismiss the amended complaint, or in the alternative, for summary judgment.

On March 20, 1985, the plaintiff filed a memorandum in opposition to defendant's motion regarding the original complaint, and requested an extension of time to respond to the motion to dismiss her amended complaint. The request was based in part on the plaintiff's assertion that the defendant's two motions to dismiss were grounded on the same legal theory and that the court's decision on the defendant's first motion would in all likelihood be dispositive of the remaining motion. The plaintiff's request was granted.

Thereafter, on August 5, 1985, this court granted the defendant's motion for summary judgment as to the original complaint. *Tillett v. Carlin,* 637 F.Supp. 245 (D. Conn.1985) (Ruling on Motion to Dismiss, or in the Alternative, for Summary Judgment, Aug. 5, 1985) (*"Tillett I"*). That ruling was based on the plaintiff's failure to comply with the 15-day time limit for filing a formal complaint of employment discrimination with the employing agency. That failure to exhaust administrative remedies was held to preclude the plaintiff from bringing suit on the claims of discrimination and retaliation contained in her original complaint.

Following that ruling, which reserved decision on the three instances of failure to promote raised in the amended complaint, the plaintiff submitted a memorandum in opposition to defendant's pending motion to dismiss or for summary judgment as to the amended complaint. Defendant replied on October 1, 1985.

### Discussion

Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* federal agencies and their employees, including the Postal Service, are subject to the rules and regulations set forth in section 717 of the Act. Pursuant to section 717 of the Act, the EEOC has adopted regulations detailing the requirements for filing a timely complaint of employment discrimination with the employing agency. 29 C.F.R. § 1613.211 *et seq.*

Plaintiff advances two major arguments in opposition to this second motion to dismiss or for summary judgment. In her first argument, already addressed and re-

jected by this court in *Tillett I,* she challenges the validity of two of the EEOC administrative regulations imposing time limitations on the complaint process. 29 C.F.R. §§ 1613.214(a)(1)(i) and (ii). In her second argument, she urges the court to interpret the language of one of these regulations in a way that would result in her having met its deadline.

1. *Validity of the Administrative Regulations*

■ The EEOC regulations that the plaintiff challenges require an aggrieved federal employee seeking relief for alleged employment discrimination to bring the matter or personnel action to the attention of an Equal Employment Opportunity ("EEO") counselor within 30 days of the matter or action, 29 C.F.R. § 1613.-214(a)(1)(i), and in addition, to file a formal, written complaint with the employing agency within 15 days of the final EEO interview, 29 C.F.R. § 1613.214(a)(1)(ii).

Plaintiff concedes that she did not meet the 15-day requirement but argues that her admitted failure to exhaust the requisite administrative remedies should be overlooked because the administrative regulations imposing these time limitations are invalid. She rests this claim of invalidity on the premise that the administrative time limits are inconsistent with the scheme and purpose of Title VII.

This argument was considered at some length and rejected in *Tillett I.* Plaintiff has not presented any new analysis or precedents but simply asks the court to reconsider its prior ruling.

As stated in that ruling, these administrative regulations promulgated by the EEOC pursuant to statutory authority are entitled to great judicial deference absent a showing that they are arbitrary, capricious, or manifestly contrary to the delegating statute. *Chevron, U.S.A., Inc. v. N.R.-D.C., Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Plaintiff has made no such showing.

Furthermore, the Supreme Court has recognized that section 717 of Title VII provides for a careful blend of administrative and judicial enforcement powers, including "rigorous administrative exhaustion requirements and time limitations." *Brown v. General Services Administration,* 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976). Since the *Brown* decision, courts have consistently held that the failure to meet time limits during the administrative stages of filing a formal complaint is grounds for dismissing the action. *See, e.g., Boyd v. United States Postal Service,* 752 F.2d 410 (9th Cir.1985); *Bickham v. Miller,* 584 F.2d 736 (5th Cir.1978); *Keene v. Costle,* 589 F.Supp. 687 (E.D.Pa. 1984); *Bright v. Butler,* 37 Fair Emp.Prac. Cas. 782 (D.D.C.1985).

The plaintiff has identified no case in which a court has held invalid the regulation here in question.[1] Given all of these circumstances, the ruling in *Tillett I* on the validity of these regulations is adhered to in deciding this motion. The 15-day time limit for filing a formal complaint is a valid administrative requirement of the EEOC.

2. *Interpretation of Section 1613.-214(a)(1)(i)*

■ Plaintiff's second argument concerns the proper interpretation of the 30-

---

1. The plaintiff asserts that the court did not discuss in *Tillett I* a number of cases that she had cited in support of her claim that these time limits cannot serve as an impediment to judicial review of the merits of her claim. As was noted in that ruling, however, none of these cases deals with the validity of the 15-day requirement for filing a formal complaint with a federal agency. *Hackley v. Roudeboush,* 170 U.S.App. D.C. 376, 520 F.2d 108 (1975) (federal employees entitled to trial *de novo* in district court, not merely review based upon administrative record); *Clark v. Chasen,* 619 F.2d 1330 (9th Cir.1980) (180-day requirement for agency to take final action); *Bethel v. Jefferson,* 589 F.2d 631 (D.C.Cir.1978) (police officers who mistakenly proceeded under section 717 instead of section 706 not barred from judicial review; actions taken under section 717 adequate in light of agency's misconduct in handling the matter); *Williams v. T.V.A.,* 552 F.2d 691 (6th Cir.1980) (exhaustion requirement for class action); *Brown v. Brown,* 528 F.Supp. 686 (D.N.J. 1981) (15-day requirement subject to equitable tolling and waiver).

day limit contained in 29 C.F.R. § 1613.-214(a)(1)(i), which provides in relevant part:

First, he must have brought the matter or personnel action to the attention of his EEO Counselor within thirty days of the matter or action.

Plaintiff's claims in this action are based on three instances where the defendant failed to promote her. She concedes that she did not bring these matters to the attention of her EEO counselor within 30 days of learning that she would not receive the promotions but contends that the 30-day period should be measured not from that date but from the date that the person who did receive the position began working at it. She asserts that her oral complaint was timely if assessed in that manner.

In order to exhaust one's administrative remedies and gain access to federal court, however, a plaintiff is required to satisfy *two* time requirements. Regardless of whether plaintiff has met the 30-day requirement for bringing a matter to the attention of an EEO counselor, she concedes that she has not met the 15-day requirement for filing a formal complaint with the employing agency for any of the claims in her amended complaint. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or for Summary Judgment at 3. As decided in *Tillett I* and reiterated here, the 15-day requirement is a valid precondition to suit in federal court.[2] Because plaintiff has failed to meet one of two necessary time limits, she has not exhausted her administrative remedies and is therefore precluded from seeking redress in federal court.

### Conclusion

In light of all the foregoing and consistent with the analysis in *Tillett I*, the de-

fendant's motion, which will be treated as a motion for summary judgment, is granted.

SO ORDERED.

---

**2.** Although the 15-day requirement for filing a formal complaint is subject to waiver, estoppel, or equitable tolling in appropriate circumstances, *e.g., Cooper v. Bell,* 628 F.2d 1208, 1213–14 (9th Cir.1980); *Siegel v. Kreps,* 654 F.2d 773, 777 (D.C.Cir.1981); *Malave v. Bolger,* 599 F.Supp. 221 (D.Conn.1984), plaintiff has presented no such circumstances. Plaintiff has not contested that she was informed by the EEO counselor of the 15-calendar-day time limit. She has not given any indication that she was misled by the EEO counselor or the agency. In addition, she has had prior experience with the EEO procedures. Equitable tolling is inapplicable to the claims in the amended complaint for the same reasons that it was inapplicable to the claims in *Tillett I.*