Arthur A. **MORALES**, Plaintiff–Appellant,

v.

**DEPARTMENT OF THE ARMY and the United States of America,** Defendants–Appellees.

**No. 91–8123**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 22, 1991.

Fernando Chacon, El Paso, Tex., for plaintiff-appellant.

Christopher J. O'Brien, Lit. Atty., Dept. of Army, U.S. Army Lit. Center, Arlington, Va., Harold E. Brown, Jr., Sp. Asst. U.S. Atty., El Paso, Tex., for defendants-appellees.

Before POLITZ, KING and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Arthur A. Morales appeals the dismissal of his suit against the United States, the Department of the Army, and his supervisors, Juan Ortiz and Larry Kern, for alleged claims under the Federal Tort Claims Act (FTCA) and the fifth amendment. For the reasons assigned we affirm.

### Background

Morales was employed as a non-supervisory firefighter at Fort Bliss, Texas. He was a member of an exclusive bargaining unit composed of all non-supervisory employees which was represented by the National Association of Government Employees (NAGE). A collective bargaining agreement (CBA) was entered into between Fort Bliss and the NAGE local unit pursuant to the Civil Service Reform Act of 1978 (CSRA).[1]

On September 30, 1988, Morales injured his lower back. His treating physician restricted his activities and Morales notified his superiors of his injury and inability to return to work.

On October 7 Fire Chief Juan Ortiz and Assistant Fire Chief Larry A. Kern, being informed that Morales was working at another place of business while on sick leave, went to this business and questioned Morales as to the state of his health. They returned again with an agent from the

---

1. Pub.L. No. 95–454, 92 Stat. 1111 *et seq.* (codi- fied as amended at 5 U.S.C.).

Criminal Investigation Division for further questioning of Morales. Fort Bliss then listed Morales as absent without approved leave (AWOL) beginning October 7.

Morales was not notified of his AWOL status until sometime later in October. Correspondence between the parties continued regarding that status and Morales' medical condition until December. At that time Fort Bliss retroactively converted Morales' pay status for the entire period from AWOL to sick or annual leave. He was subsequently terminated.

Morales filed an administrative tort claim in May of 1989 claiming damages for intentional infliction of emotional distress, interference with the right to contract, negligence, and a violation of his due process rights under the fifth amendment. Specifically he claimed that the defendants, acting deliberately and within the scope of their employment, had listed him AWOL, had stopped his pay without notice, had intimidated him at his place of business, and had failed to give him notice and an opportunity to be heard prior to adverse personnel action. The claims were denied as not being cognizable under the FTCA. This suit followed. The district court dismissed the action for failure to exhaust administrative remedies. Morales timely appealed.

### Analysis

The district court characterized its ruling as a 12(b)(6) dismissal. This disposition must, however, be treated as a motion for summary judgment because the court referred to matters outside the pleadings. Fed.R.Civ.P. 12(c); *Thomas v. Smith,* 897 F.2d 154 (5th Cir.1989).

■ In reviewing a summary judgment order we apply the same standard as the district court, viewing the facts in the light most favorable to the nonmoving party. *Federal Deposit Ins. Corp. v. Hamilton,* 939 F.2d 1225 (5th Cir.1991). On review we examine the record as a whole to determine whether it demonstrates that no genuine issue of material fact remains and that the moving party is entitled to a judgment as a matter of law. *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250

(5th Cir.1990). We may affirm a summary judgment on grounds other than those relied upon by the district court when there is an adequate and independent basis for that disposition.

■ Morales contends that the district court erred in dismissing his claim, arguing that because he was on AWOL status and not on federal property when Ortiz and Kern visited his place of business their actions were not related to his employment and, therefore, not covered by the CBA. Morales then posits that the CBA was not his exclusive remedy and that he was not required to follow its grievance procedures. We are not persuaded.

The district court properly dismissed Morales' action, although not for the technically correct reasons. The court dismissed for failure to exhaust administrative remedies which implies that once Morales exhausts his administrative remedies he may then maintain this action. He may not do so. The appropriate reason for dismissal forecloses such judicial action. Morales' exclusive remedy for the alleged misconduct is through the CBA and the Civil Service Reform Act.

In *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court held that the CSRA was the exclusive remedy for a federal civil-service employee who alleged that a demotion was retaliatory. The Court held that the remedy was exclusive even though the claim involved a first amendment violation and the CSRA was less than fully compensatory. We extended *Bush's* preclusive effect in *Rollins v. Marsh,* 937 F.2d 134 (5th Cir.1991), to include violations of other constitutional rights, as well as to FTCA claims and state-law claims.

Although Morales was on AWOL status and not on federal property when his supervisors allegedly confronted him, his complaint still arises out of his federal employment relationship. The plaintiffs in *Rollins,* a husband and wife, were disciplined for mailing nude photographs of the wife to a magazine for publication, conduct in no way related to their jobs. We held,

nevertheless, that the defendant's disciplinary actions constituted personnel decisions under the CSRA and arose out of the employment relationship. *Rollins,* 937 F.2d at 138. Similarly, all of the actions taken by the defendants in the present case were personnel decisions arising out of Morales' relationship with the federal government. We conclude that *Bush* and *Rollins* control.

The alleged actions of the defendants fall within the scope of Article XXVIII of the CBA which establishes the exclusive grievance procedures.[2] Morales was required to follow these grievance procedures when challenging the defendants' conduct. Further, the CSRA provides that the procedures established within collective bargaining agreements for the settlement of grievances "shall be the exclusive procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a). Morales cannot maintain an FTCA action or an action for violation of his constitutional rights based on these alleged acts. *Bush; Rollins.*

Morales attempts to distinguish his complaint on the basis of the type of damages he suffered, arguing that because his personal credit, finances, and private business were injured, for which the CBA permits no relief, he should be permitted to seek such redress. We do not agree. Addressing a similar argument in *Gremillion v. Chivatero,* 749 F.2d 276 (5th Cir.1985), we found that plaintiff's claims for damages were merely "consequences incident to discharge from employment," that his claim for back pay and "other damages" was "merely part and parcel of the unlawful discharge claim," and that his "exclusive remedy [was] supplied by the statutory scheme." *Id.* at 278–79. *See also, Palermo v. Rorex,* 806 F.2d 1266 (5th Cir.), *cert. denied,* 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987) (fact that "administrative remedies available will not allow complete

recovery" does not change the result demanded by *Bush* ).

Finally, Morales claims that he is entitled to maintain his action against Ortiz and Kern in their individual capacities because their actions were committed outside the course and scope of their employment. Morales alleged in his original complaint, however, that Ortiz and Kern acted within the scope of their employment. "Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *Davis v. A.G. Edwards & Sons, Inc.,* 823 F.2d 105 (5th Cir.1987) (quoting *White v. Arco/Polymers, Inc.,* 720 F.2d 1391 (5th Cir.1983)). Morales may not now argue contrary to the factual allegations of his complaint.

No issues of material fact remain. Because the defendants' alleged conduct falls within the coverage of the CBA and the employment relationship, the CBA and the CSRA provide Morales' exclusive remedy. *Bush* and *Rollins* affirm the preclusion of his claims under the FTCA and the Constitution.

The dismissal of his claims is, accordingly, AFFIRMED.

---

**2.** In relevant part, Article XXVIII provides that: This article establishes the exclusive procedure available to the employees in the unit ... for resolving all grievances which fall within its scope. Grievances to be processed under this article shall apply to ... prohibited personnel practice charges, and disciplinary and adverse actions.