# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 97-60493
Summary Calendar

CHARLIE WILLIAMS, JR.,

Plaintiff-Appellant,

VERSUS

TOGO D. WEST, JR.,
Secretary of the Department of the United States Army,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
(4:96-CV-158-B-B)

January 15, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM[*]:

Charlie Williams, an African-American male, filed this action on May 3, 1996

against the United States Army, operating through the U.S. Army Corps of Engineers.

He alleged violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000, *et*

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*seq..* His primary contention is that he has been denied seasonal and permanent employment positions with the U.S. Army Corps of Engineers for which he is qualified because of his race and in retaliation for the pursuit of his rights. On September 6, 1996, the defendant answered asserting the failure to exhaust administrative remedies as one if its defenses. The district court, in a memorandum opinion and order issued on June 24, 1997, dismissed Williams's complaint with prejudice.

On August 23, 1993, Williams's attorney sent a letter to the Equal Employment Opportunity (EEO) Office of the Vicksburg District Corps of Engineers requesting the appropriate forms for filing a formal complaint of discrimination. Ms. Ida F. Smith, the District EEO Officer, responded to this request on September 4, 1993, by advising that the matter must first be presented to an EEO Counselor for precomplaint processing. A subsequent letter from Ms. Smith, dated October 15, 1993, indicates that the EEO Office had received Williams's letter of September 30, 1993 requesting an EEO Counselor and that Ms. Eunice Polk would be Mr. Williams's counselor.

After carefully reviewing the briefs, record excerpts, and the relevant portions of the record itself, we find no reversible error. To pursue a claim under Title VII, federal employees must initiate contact with a EEO Counselor within forty-five (45) days of the alleged discriminatory event. 29 C.F.R. §1614.105(a)(1). Williams has failed to allege any discriminatory acts occurring within this time period.

The "continuing violation" doctrine is of no assistance to Williams. This doctrine, when applicable relieves a plaintiff from proving the entire violation occurred during the actionable period. Berry v. Board of Supervisors of L.S.U., 715 F.2d 971, 979 (5th Cir.

2

1983).  A violation is continuous when the "unlawful employment practice manifests itself over time, rather than as a series of discrete acts." <u>Ross v. Runyon</u>, 858 F. Supp. 630, 637 (S.D. Tex. 1994).  To establish a continuing violation, however, the plaintiff must show the violation was part of a continuously maintained illegal employment practice and that some application of the illegal policy to the plaintiff or his claim occurred within the forty-five day period preceding initial contact with a counselor. <u>Abrams v. Baylor College of Medicine</u>, 805 F.2d 528, 533 (5th Cir. 1986),  <u>Perez v. Laredo Junior College</u>, 706 F.2d 731, 734 (5th Cir. 1983), <u>cert denied</u>, 464 U.S. 1042 (1984).   Williams has not satisfied this burden.

For the foregoing reasons, the memorandum opinion and order issued by the district court on June 24, 1997, is AFFIRMED.