**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-20972

Summary Calendar

RICHMOND SHIPPING COMPANY LTD; EAST COAST MARINE CO LTD,

Plaintiffs-Appellees,

and

THE WEST OF ENGLAND SHIP OWNERS MUTUAL INSURANCE ASSOCIATION
(LUXEMBOURG); ET AL

THE WEST OF ENGLAND SHIP OWNERS MUTUAL INSURANCE ASSOCIATION
(LUXEMBOURG); RIISE SHIPPING INC; SUDERMAN AND YOUNG TOWING CO;
HOUSTON SHIP REPAIR INC; CMP COATINGS INC; HAMBURG SHIPPING
SERVICES GMBH, INC; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON;
UNIVERSAL COOPERATIVES INC; BRITANNIA MARINE SERVICES LIMITED;
PORT OF HOUSTON AUTHORITY; BANCO SANTANDER SA

Intervenor Plaintiffs-Appellees

VERSUS

MANUEL G PENA LOPEZ,

Movant-Appellant

and

RAFAEL A BARRIOS; ALVARO L BUSTILLO; SERGIO CAMARGO; ISMAEL E
HERNANDEZ U; CARLOS M SALGADO; ISMAEL E SARMIENTO; HUGO R TERAN;
LUIS IGNACIO ARBOLEDA; GREGORIS CAMPO M; EDUARDO CERVANTES C; HENRY
D LA VICTORIA; LEONARDO ESPITIA R; ROBERT R GUERRERO A; ERNESTO
GUZMAN C; ALVARO GUZMAN P; CLARENCE HOOKER A; CARLOS LOPEZ F; LUIS
G OVIEDO T; MARIO QUINTERO U; FRANCISCO J RIVERA S; OTTO N F
STADLIN Z; MARIO VALDERAMA M; HUGO A VALERO V; JAIME VILLEGAS M

Appellants

and

MASTER OF M/V RIO ATRATO, her Engines Tackle Appurtenances etc in rem; LINEAS AGROMAR SA, in personam

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas, Houston

(H-98-CV-3950)

---

November 3, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants, Colombian nationals and members of the crew of the M/V RIO ATRATO while owned by Lineas Agromar S.A., appeal from a district court's final judgment disbursing sale proceeds of the vessel. The M/V RIO ATRATO was seized and sold, and a number of claimants, including Appellants, intervened. Appellants were awarded a total of $136,962.26, representing pre-seizure wages and post-seizure *custodia legis* expenses, which they now appeal.

First, we find that this court has jurisdiction. Although the M/V RIO ATRATO has been sold, "the Court of Appeals is not divested of jurisdiction by the prevailing party's transfer of the res from the district." Republic National Bank of Miami v. United States, 506 U.S. 80, 88-9 (1992). We also find that the "useless judgment"

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exception does not apply.  See id. at 85 (noting a "useless" exception "where the release of the property would render the judgment 'useless' because 'the thing could neither be delivered to the libellants, nor restored to the claimants.'"  This exception is very limited, only applying where the judgment will have no effect whatsoever.).

Second, we review a district court's findings of facts for clear error.  Associated Metals & Minerals Inc. v. Alexander's Unity M/V, 41 F.3d 1007, 1010 (5th Cir. 1995).  Accordingly, we find no clear error in the district court's award of $20,889.29 for a preferred maritime lien wage claim.  Appellants did not present evidence sufficient to support a higher award.  Although they rely on certain judicial admissions by another party, "[f]actual assertions in pleadings are judicial admissions conclusively binding [only] on the party that made them."  Morales v. Department of Army, 947 F.2d 766, 769 (5th Cir. 1991)(emphasis added).

Finally, *custodia legis* expenses are reviewed for abuse of discretion.  Associated Metals & Minerals Inc., 41 F.3d at 1010.  Although Appellants argue that the district court committed a clerical error with respect to the calculation of the crew's wages, we, however, do not find an abuse of discretion in the *custodia legis* award.  See In the Matter of Kingstate Oil, 815 F.2d 918, 922 (5th Cir. 1987).

AFFIRMED.